

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00163-CR

**JUSTIN JAMES WILSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. CR15639

## MEMORANDUM OPINION

Justin James Wilson was convicted of obstruction or retaliation and sentenced to five years in prison.  *See* TEX. PENAL CODE § 36.06(c).

Wilson's appointed counsel filed a motion to withdraw and a brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting nonreversible error in the judgment pursuant to this Court's order in *Allison*.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967);

*Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); s*ee also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-621(Tex. App.—Waco 2022, pet. ref'd).

As noted previously, despite finding no reversible error, counsel has presented issues of nonreversible error, that being, court-appointed attorney's fees, a $25.00 time payment fee, and an additional threatened time payment fee. The State did not file a brief in response to these alleged errors. *See Cummins*, 646 S.W.3d at 615 ("the State is expected to file a response addressing the merits of the nonreversible error presented in the *Allison* brief. *See, e.g.*, *Price* [*v. State*], [No. 10-13-00403-CR,] 2014 Tex. App. LEXIS 10403, []*2

[(Tex. App.—Waco Sep. 18, 2014, no pet.)] (parenthetical omitted)."

We agree that these are nonreversible errors. There is no evidence that Wilson could pay attorney's fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Further, any time payment fee assessed or threatened is premature. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

Accordingly, the trial court's judgment is modified to assess court cost in the amount of $224.00. As modified, the trial court's judgment is affirmed,[1] and counsel's motion to withdraw from representation of Wilson is granted.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed; motion granted
Opinion delivered and filed November 30, 2022
Do not publish
[CR25]



---

[1] The bill of cost should be modified to reflect the cost due in the judgment as modified.